IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH H. PRINKEY,<br>　　Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | Civil Action No. 12-513 |
| WV METAL WHOLESALERS, INC.<br>　　Defendant. | )<br>)<br>) | |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Presently before the Court is Plaintiff's Motion in Limine filed February 28, 2013. Mot. in Limine [ECF No. 28]. The Court will only refer to the facts necessary to address this Motion. Plaintiff, Joseph Prinkey, brought this action against Defendant WV Metal Wholesalers, Inc. ("WV Metal") alleging negligence from injuries sustained while handling corrugated steel roofing material delivered to Plaintiff's employer, Home Warehouse, Inc. by Defendant. *See* Compl. [ECF No. 1] at ¶¶ 4-9.

In his Motion in Limine, Plaintiff requests that the Court "exclude [any] mention of workers compensation benefits plaintiff received from a third party" under Pennsylvania's recognition of the collateral source rule. Mot. in Lim. [ECF No. 28] at ¶ 3. Plaintiff argues that under the Pennsylvania collateral source rule, "payments from a third-party to a victim will not lower the damages that the victim may recover from a wrongdoer." *Id*. at ¶ 3. Plaintiff also argues that any workers compensation evidence is inadmissible under Federal Rule of Evidence 403, as its probative value is substantially outweighed by its prejudicial effect. *Id*. at ¶ 4.

## II. ANALYSIS

Federal Rule of Evidence 403 provides, "[t]he court may exclude evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Under Pennsylvania law, worker's compensation awards have traditionally "been considered a collateral source of recovery in a plaintiff's action against the third party tortfeasor." *Palmosina v. Laidlaw Transit Co., Inc.*, 664 A.2d 1038, 1039 (Pa. Super. Ct. 1995) (citations omitted). The collateral source rule provides that payments from a "collateral source shall not diminish the damages otherwise recoverable from the wrongdoer." *Ocasio v. Ollson*, 596 F.Supp.2d 890, 904 (E.D.Pa. 2009). This rule "prohibits a defendant in a personal injury action from introducing evidence of the plaintiff's receipt of benefits from a collateral source for the same injuries which are alleged to have been caused by the defendant." *Walker v. Big Burger Rest., Inc.*, 2010 WL 427736, at *3 (E.D.Pa. Feb. 2, 2010) (quoting *Collins v. Cement Express, Inc.*, 447 A.2d 987, 988 (Pa. Super. Ct. 1982)). The collateral source rule is "intended to prevent a wrongdoer from taking advantage of the fortuitous existence of a collateral remedy." *Beechwoods Flying Serv., Inc. v. Al Hamilton Contracting Corp.*, 476 A.2d 350, 353 (Pa. 1984).

A majority of courts have found that any probative value of evidence regarding worker's compensation benefits received by the plaintiff in a personal injury action are outweighed by the prejudicial effect that the evidence could have in the jury determining its verdict. *See Walker*, 2010 WL 427736, at *3; *Ocasio*, 596 F.Supp.2d at 904; *Kostar v. Pepsi-Cola Bottling Co.*, 1998 WL 848116, at *2-*3 (E.D.Pa. Dec. 4, 1998); *Palmosina,* 664 A.2d at 1039; *Lobalzo v. Varoli*, 185 A.2d 557, 561 (Pa. 1962); *but see Supinski v. United Parcel Service, Inc.*, 2012 WL 727824,

at *2-*3 (M.D.Pa. Mar. 6, 2012) (reducing plaintiff's back pay award in ADA claim for worker's compensation amount received by defendant employer because a reduction of damages based on back pay would not result in a windfall for the employer); *McKenna v. City of Philadelphia*, 636 F.Supp.2d 466, 457-58 (E.D.Pa. 2009) (not applying the collateral source rule in employment-rights claim because worker's compensation, unlike social security benefits or unemployment, is paid by the employer directly or by the employer's insurance and would result in a windfall).

Here, the assertions that Plaintiff received worker's compensation benefits from his employer, Home Warehouse, Inc. has little probative value and mention of such could create substantial prejudice by suggesting to the jury that he need not recover against WV Metals because he has already been compensated by his employer. The risk of prejudice in permitting evidence of Plaintiff's worker's compensation benefits substantially outweighs any probative value of such evidence. Any argument or evidence relating to Plaintiff's worker's compensation claim, proceeding or benefits is precluded.

An appropriate Order follows.

DATE: March 12, 2013

By the Court,

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

cc: All attorneys of record via CM-ECF

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH H. PRINKEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 12-513 |
| | ) | |
| WV METAL WHOLESALERS, INC. | ) | |
|     Defendant. | ) | |

## **ORDER**

AND NOW this 12th day of March, 2013, it is HEREBY ORDERED that Plaintiff's Motion in Limine [ECF No. 28] is GRANTED.

                                                s/Robert C. Mitchell
                                                Robert C. Mitchell
                                                United States Magistrate Judge

cc:    All attorneys of record via CM-ECF